UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-20049-CIV-WILLIAMS

FREDY VILLEDA, and all others similarly
situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

T & S ROOFING SYSTEMS, INC.
a Florida Profit Corporation,
ERNESTO SANCHEZ, individually

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiffs, FREDY VILLEDA, ("VILLEDA"), and opt-in plaintiffs CRISTIAN ACOSTA ("ACOSTA"), and JUAN RAMON RIVERA ("RIVERA") ("Collectively Plaintiffs"), and Defendants, T & S ROOFING SYSTEMS, INC. ("T & S Roofing") and ERNESTO SANCHEZ ("Sanchez") (collectively "Defendants"), by and through their undersigned counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of their FLSA settlement agreement.

The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement agreement ("the Agreement") and for dismissal of this action with prejudice with each party to bear their own attorneys' fees and costs. To facilitate the Court's review of the Agreement, a copy of the executed Agreement will be provided for *in camera* review.

I.  **Background**

Plaintiffs assert a claim in this action for alleged unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Defendants deny Plaintiffs' claims asserting, *inter alia*, (1) Sanchez was not an employer under the FLSA and (2) that Plaintiffs were paid the proper amount for every hour worked including overtime hours. Additionally, Defendant asserts that neither Plaintiff nor the Opt-In Plaintiffs made any complaints about improper pay during their employment, and that they were terminated for legitimate well-documented and non-retaliatory business reasons.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

II.  **Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. *Id.; see also Schulte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action brought by Plaintiffs against their former alleged employers, T & S Roofing and Sanchez, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food Stores, Inc.*, fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by experienced counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs were properly paid the correct overtime rate for each hour worked, (b) if Plaintiffs ever reported issues with their pay, (c) if Plaintiffs terminations were based on legitimate non-retaliatory business reasons, and (d) whether Defendants' actions were non-willful and taken in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiffs are represented by counsel in this action for alleged unpaid overtime wages and retaliation against Defendants, which are also represented by counsel. The Parties' counsel are experienced in FLSA matters and routinely litigate labor and employment cases. The Parties have decided to resolve the claims only due to the disputed issues of fact and inherent risks of litigation.

As to the *second factor*, if this matter was not resolved, it would have proceeded to a trial before this Court with a two-week trial readiness period currently set for October 23, 2023. The Parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a two-to-three-day trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict. Thus, the expenses of litigation to the Defendants are greater than the amount of the settlement and the cost of litigation also is far greater than the overall value of the claim relative to the amount claimed by Plaintiff.

As to the *third factor*, the litigation is currently at the initial discovery phase. The Parties intended to depose the other's clients and numerous witnesses. The Parties have also discussed the disputed issues in detail, which spurred settlement.

As to the *fourth factor*, there are several disputed issues. The Parties dispute, with respect to the overtime claim, (a) whether Plaintiffs were properly paid the correct overtime rate for each hour worked, (b) if Plaintiffs ever reported issues with their pay, (c) if Plaintiffs' terminations were based on legitimate non-retaliatory business reasons, and (d) whether Defendants' actions were non-willful and taken in good faith. Thus, there is a *bona fide* dispute as to whether Plaintiffs are owed any wages.

As to the *fifth factor*, should Defendants have prevailed based on any of its defenses (bearing in mind Defendants believes they have strong evidence Plaintiffs were paid the correct overtime and terminated for legitimate business reasons), Plaintiffs potentially may have recovered far less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendant.

Should Plaintiffs prevail, Defendants may potentially fail on all defenses and be indebted to the Plaintiffs for a Judgment for alleged overtime, for part or the entire of the claim, as well as an award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially to trial), and the uncertainty of whether any money judgment would be collectable. In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. The Parties respectfully submit that Plaintiffs' counsel is receiving a reduced amount in attorneys' fees and costs.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues that involved participating in the Court ordered settlement conference and a private mediation. Plaintiffs and their counsel discussed the viability of Plaintiffs' claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during mediation negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' FLSA settlement agreement and request that the Court dismiss this entire action with prejudice with each party to bear their own attorneys' fees and costs.

CASE NO. 23-20049-CIV-WILLIAMS

Dated:  June 2, 2023.

Respectfully submitted,

*s/ Henry Hernandez*
Henry Hernandez, Esq.
Florida Bar No. 542601
Email: *henry@hhlawflorida.com*
GARCIA HERNANDEZ, P.A.
2655 S. Le Jeune Road, Suite 802
Coral Gables, Florida 33134
Telephone: (305) 771-3374

*Counsel for Plaintiff*

*/s/ Roman Sarangoulis*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendants*